UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE DEWAYNE JOHNSON,

       Movant,

v.

       Case No. 1:14-CV-1066
       (Crim. Case No. 1:11-CR-49)
       HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
_____/

**O P I N I O N**

This matter comes before the Court on Shane Dewayne Johnson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court (ECF No. 1), his motion for extension of time to file a reply (ECF No. 12), and his motion to stay § 2255 proceedings (ECF No. 14). For the reasons that follow, the motions will be denied.

**I.**

Movant was indicted on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). Movant was found guilty following a jury trial and was sentenced to 292 months in prison. *United States v. Johnson*, No. 1:11-CR-49 (W.D. Mich. Dec. 8, 2011) (No. 1:11-CR-49, ECF Nos. 38, 45). Movant's conviction and sentence were affirmed on appeal. *United States v. Johnson*, No. 11-2598 (6th Cir. Aug. 21,

2013) (No. 1:11-CR-49, ECF No. 61).  The Supreme Court denied a petition for certiorari on September 11, 2013.  (No. 1:11-CR-49, ECF No. 64.)

Movant timely filed this § 2255 motion on October 14, 2014.  Movant has raised three claims of ineffective assistance of counsel based on counsel's failure to convey a plea offer, counsel's failure to object to a constructive amendment to the indictment before the jury, and counsel's concession that Movant fit the criteria for an armed career criminal.  The government filed a response in opposition on March 2, 2015. (ECF No. 10.)

## II.

On March 16, 2015, Movant filed a motion to obtain documents referenced by the government in its response, and for an extension of time to file a reply.  (ECF No. 12.)  On March 18, 2015, the government mailed copies of the affidavit and exhibits to Movant. (ECF No. 13.) On March 20, 2015, Movant filed a motion to stay his § 2255 proceedings to enable him to obtain missing portions of his trial transcript and to obtain the affidavit and exhibits referenced in the government's response. (ECF No. 14.) On April 2, 2015, the Court mailed a copy of the affidavit and exhibits to Movant.  Movant filed a reply brief on August 27, 2015.  (ECF No. 16.)

To the extent Movant has requested "missing portions" of his trial transcript, and an extension of time to obtain those "missing portions," his motion is denied.  Movant does not deny that he has access to the portions of his transcript that were filed with his appeal.  Movant is seeking only the closing arguments and jury instructions, transcription of which

2

was not authorized for purposes of his appeal. (6th Cir. No. 11-2598, ECF No. 40.) Although Movant asserts that these portions of the trial transcript are necessary to his ability to obtain relief under § 2255, Movant has not identified how these portions of the transcript bear on any of the issues he has raised in his § 2255 motion. (Movant's Motion for Status Report 1-2, ECF No. 15; Movant's Reply 3, ECF No. 16.) On review, the Court concludes that none of the issues raised in Movant's § 2255 motion are impacted by closing arguments or jury instructions. Because Movant has not identified any valid basis for obtaining the "missing portions" of the transcript, the Court will deny his motion for such "missing portions."

To the extent Movant has requested copies of the affidavit and exhibits referenced by the government in its brief and for an extension of time to file his reply, his motions are denied as moot because Movant has received the affidavit and exhibits and has filed his reply brief.

### III.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence

on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). To satisfy the "cause" test, a petitioner must show that "some objective factor external to the defense" kept him from raising the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

4

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. Section 2255 does not require a full blown evidentiary hearing in every instance. "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550-551 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## IV.

Movant seeks habeas relief based on three separate claims of ineffective assistance of counsel. To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the Defendant. *Strickland v. Washington*, 466

U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* To establish prejudice, the movant must show a reasonable probability that counsel's errors affected the outcome of the proceeding. *Id*. at 696.

A.  PLEA OFFER

Movant's first ineffective assistance of counsel claim is based on his contention that his counsel failed to convey a plea offer from the state prosecuting attorney.

By way of background, prior to being indicted on federal charges, Movant was charged in state court with assault with intent to commit murder, felon in possession of a firearm, carrying a concealed weapon, felony firearm, and habitual offender fourth notice. Movant was represented in the state court action by Attorney Hugh B. Clarke Jr. until December 20, 2010, when Mr. Clarke was appointed to the state district court bench. At that time, Movant's file was returned to him so he could retain new counsel. (Clarke Aff. ¶ 12.) On February 16, 2011, Movant was indicted on the federal charge of felon in possession. Movant was represented at the federal trial by Attorney Brian P. Morley.

As a general rule, defense counsel has the duty to communicate formal offers to the defendant, and the failure to do so constitutes deficient performance under *Strickland*. *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). *See also Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003) ("A defense attorney's failure to notify his client of a prosecutor's plea offer constitutes ineffective assistance of counsel under the Sixth Amendment and satisfies the first element of the *Strickland* test.").

There is a question of fact as to whether Movant was made aware of the plea offer from the state prosecuting attorney. Mr. Clarke states that Movant was with him at the pre-trial conference and had an opportunity to see the pre-trial conference order which provided that the prosecution was extending a plea to assault with intent to do great bodily harm (10 year maximum), felony firearm (2 year mandatory consecutive), and habitual second offender (increasing the maximum penalty on the assault to 20 years). (Clarke Aff. ¶ 5.) Movant, however, has stated in his affidavit that Mr. Clarke never told him that he had a plea offer from the state. (Johnson Aff. ¶ 2, ECF No. 17.) Although the Court cannot resolve this question of fact without a hearing, Movant's contention that he was denied effective assistance of counsel with respect to the state court action is not a basis for relief in this § 2255 federal habeas action. A federal habeas action is not designed to remedy violations in a separate state court action. When the federal government has not involved itself in state plea negotiations, and was not involved in any alleged constitutional violations in the state court action, dismissal of the federal indictment would not be an appropriate remedy for the

7

alleged constitutional violations in the state court action. *United States v. Johnson*, 765 F.3d 644, 646 (6th Cir. 2014) (citing *United States v. McConer*, 530 F.3d 484, 494 (6th Cir. 2008)). A federal court may dismiss a federal indictment to remedy a constitutional violation in related state-court proceedings only in limited circumstances. *See*, *e.g.*, *United States v. Morris*, 470 F.3d 596 (6th Cir. 2006) (affirming dismissal of federal indictment where federal prosecutor was entangled in state court plea negotiations). This case bears no resemblance to *Morris* because Movant has not come forward with any suggestion that the federal prosecutor was involved in deciding whether a plea offer would be made available to Movant in state court, or that the state court plea offer included an agreement that Movant would not be prosecuted in federal court. Because the federal government was not involved in the state court plea negotiations, Movant's first claim of ineffective assistance of counsel fails as a matter of law.

B.  CONSTRUCTIVE AMENDMENT

Movant's second claim of ineffective assistance of counsel is based on his contention that trial counsel Brian Morley failed to object to the constructive amendment to the indictment before the jury. According to Movant, trial counsel's failure to object to the government's reference to an assault amounted to a constructive amendment to the indictment because Movant was not indicted for assault.

Movant's claim lacks merit. First, no constructive amendment or variance occurred. "'A constructive amendment results when the terms of an indictment are in effect altered by

8

the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment.'" *United States v. Budd*, 496 F.3d 517, 521 (6th Cir. 2007) (quoting *United States v. Smith*, 320 F.3d 647, 656 (6th Cir. 2003)). There was no constructive variance because Movant was only tried and convicted on the single count of being a felon in possession of a firearm. There was no substantial likelihood that he was convicted of an offense other than the one charged.

Second, Movant's contention that counsel was ineffective for failing to object to evidence of the shooting lacks merit. Evidence of the time, place, and circumstances of the acts that formed the basis of the firearms possession charge was admissible at trial as relevant res gestae evidence and any objection would have been frivolous. *See United States v. Frederick*, 406 F.3d 754, 761 (6th Cir. 2005) (holding that testimony that helped complete the story of the sale of the firearm which was a part of the conduct underlying the charged offense was admissible). Counsel is not ineffective for failing to raise a frivolous or meritless motion or objection. *See Girts v. Yanai*, 501 F.3d 743, 753 (6th Cir. 2007) ("[C]ounsel cannot be ineffective for a failure to raise an issue that lacks merit."). Attorney Morley's decision not to object to the admission of evidence relating to the shooting did not constitute ineffective assistance of counsel.

C.  ARMED CAREER CRIMINAL

Movant's third claim of ineffective assistance of counsel is based on his contention

that trial counsel was ineffective because he conceded at sentencing that Movant fit the criteria for an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) or § 4B1.4 of the United States Sentencing Guidelines ("USSG").

Movant's presentencing report established that, prior to committing the offense charged in the indictment, Movant had been convicted of two "violent felonies" and a single "serious drug offense." (PSR ¶¶ 32, 37, 41, 42.) Movant contends that his prior convictions did not qualify as predicate offenses for purposes of the ACCA or U.S.S.G. § 4B1.4 because his 1997 sentence for assault was for 3 to 10 years, and his 2006 sentences were subject to a Killebrew agreement that capped his sentence to a maximum of 12 months.

Movant's argument lacks merit. The ACCA defines the term "serious drug offense" as an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i). The ACCA defines the term "violent felony" as a crime punishable by imprisonment for a term exceeding one year and has as an element the use (or threatened or attempted use) of physical force against another. 18 U.S.C. § 924(e)(2)(B). The predicate act is determined by the sentence prescribed by statute, not by the sentence actually imposed on the defendant. Movant does not dispute that his offenses carried a potential statutory penalty that came within the ACCA's definitions. Accordingly, counsel did not have any colorable basis for challenging Movant's classification as an armed career criminal.

Moreover, counsel's concession that Movant fit the criteria of an armed career

10

criminal was a strategic concession made in conjunction with his request for a downward variance. The Sixth Circuit gives substantial deference to counsel's decision not to raise an argument, even a meritorious argument, and even to counsel's decision to concede guilt, if the decision might be considered sound trial strategy. *See McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012); *Goodwin v. Johnson*, 632 F.3d 301, 310 (6th Cir. 2011) (counsel reasonably conceded defendant's guilt to armed robbery in order to more credibly argue he was not guilty of murder). "If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." *United States v. Cronic*, 466 U.S. 648, 657 (1984). In light of Movant's undisputed criminal history, counsel's concession can be considered sound trial strategy that falls within the wide range of reasonable professional assistance.

Furthermore, Movant cannot demonstrate that he was prejudiced by his attorney's concession. The Court was satisfied by the evidence in the PSR that Movant qualified as an armed career criminal. Movant cannot show that, but for counsel's concession, he would have received a lesser sentence. In fact, the Court imposed a sentence of 292, at the low end of the 292-365 month guidelines range.

## V.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, for the reasons stated herein, Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

An application for a certificate of appealability will also be denied because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

An order and judgment consistent with this opinion will be entered.


Dated: October 15, 2015                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE